905 F.2d 1533
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jeffery A. VAUGHN, Plaintiff-Appellant,
v.
Officer R.H. ALLNUTT, Defendant-Appellee.
 No. 90-6058.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 7, 1990.
Decided May 17, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. J. Calvitt Clarke, Jr., District Judge. (C/A No. 89-845-N)
 Jeffery A. Vaughn, appellant pro se.
 E.D.Va.
 VACATED AND REMANDED.
 Before ERVIN, Chief Judge, and CHAPMAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Jeffery A. Vaughn, an inmate at the Henrico County Jail, appeals the district court's order dismissing this 42 U.S.C. Sec. 1983 action for failure to demonstrate administrative exhaustion. Acting pursuant to 42 U.S.C. Sec. 1997e, the district court ordered appellant to exhaust administrative remedies and to advise the court within 90 days of the result of the administrative proceedings. It warned appellant that failure to advise the court regarding exhaustion would result in dismissal of the action. The district court dismissed the case without prejudice upon expiration of the 90-day period, concluding that appellant had not complied with its order. We vacate and remand.
 
 
 2
 Because appellant's civil action is against a police officer for conduct unrelated to appellant's incarceration, exhaustion of administrative remedies was not required.* Requiring administrative exhaustion in this case, therefore, was error. The court should have proceeded to consideration of appellant's motion for leave to proceed in forma pauperis.
 
 
 3
 We deny the motion for appointment of counsel, vacate the judgment below, and remand for further proceedings. We dispense with oral argument because the facts and legal arguments are adequately presented in the materials before the court and the decisional process would not be significantly aided by oral argument.
 
 
 4
 VACATED AND REMANDED.
 
 
 
 *
 Even had appellant's civil action been against institutional personnel the court could not require exhaustion of administrative remedies. A district court may require an inmate to exhaust administrative remedies under 42 U.S.C. Sec. 1997e if the institution's administrative grievance procedure has been certified by the Attorney General of the United States or by a federal court in accordance with Sec. 1997e(a)(2). The grievance procedure for the Henrico County Jail has not received the necessary certification. The district court's order requiring appellant to exhaust administrative remedies refers to the grievance procedure used by institutions administered by the Virginia Department of Corrections. Although the Department of Corrections procedure has been certified in accordance with Sec. 1997e, the Henrico County Jail does not come under the jurisdiction of the Department of Corrections